

```
┌─────────────────────────────┐
│           FILED             │
│   ┌─────────────────────┐   │
│   │    OCT 3 0 2007      │   │
│   └─────────────────────┘   │
│ UNITED STATES BANKRUPTCY COURT │
│ EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 06-20596-A-7 |
| ALFREDA M. DILLARD, | |
|        Debtor. | |
| MICHAEL D. McGRANAHAN, Trustee, | Adv. No. 07-2010 |
|        Plaintiff, | |
| vs. | |
| DALE L. DILLARD, etc., | |
|        Defendant. | |

**MEMORANDUM**

The court conducted a bench trial of this adversary proceeding on September 29, 2007.  That trial has been concluded and the post-trial briefing ordered by the court has been completed.

The complaint seeks to avoid the transfer of a one-half

1 | joint tenancy interest in real property by the debtor, Alfreda M.
2 | Dillard, to the defendant, Dale L. Dillard, the former spouse of
3 | the debtor.

4 | The debtor and the defendant were married in 1988.  Prior to
5 | their marriage, the defendant owned several real properties,
6 | including a residential property in Manteca, and the debtor owned
7 | one real property.  Upon their marriage, the debtor and the
8 | defendant agreed that each would continue to own their real
9 | properties as their separate property.

10 | In 1992 the defendant decided to purchase a new real
11 | property.  To finance this purchase, he decided to refinance his
12 | Manteca property.  However, the lender chosen by the defendant
13 | would not loan him any money unless he placed the debtor on title
14 | to the Manteca property and then joined him in the refinance.
15 | She agreed to do this but with the understanding that the
16 | defendant would be solely responsible for repaying the new loan.
17 | Also, the defendant would remain the sole owner of the Manteca
18 | property, despite the nominal change in record title, and he
19 | would own the new property as his separate property.

20 | Throughout their marriage, which ended in 1996, the
21 | defendant and the debtor maintained separate bank accounts and
22 | each paid the mortgages on their properties from their respective
23 | accounts.

24 | When the debtor and the defendant separated and divorced in
25 | 1996, they entered into a marital settlement agreement that
26 | confirmed the debtor's ownership of the real property she had
27 | owned prior to the marriage.  The agreement also confirmed that
28 | the defendant owned as his separate property those real

2

properties he had owned prior to marriage, including the Manteca property, as well as the one real property purchased during the marriage with the proceeds of the refinance of the Manteca property.

The marital settlement agreement was incorporated into the court judgment dissolving the marriage of the parties.

Because the Manteca property had been transferred by the defendant to the debtor and the defendant, as joint tenants, at the insistence of the lender, the marital settlement agreement required the debtor to execute an inter-spousal deed transferring record title back to the defendant alone.  The defendant's attorney, however, neglected to record this deed.

In April 2005, the defendant retained another attorney to prepare a trust.  It was at this point that the defendant discovered that the 1996 inter-spousal deed had not been recorded.  His attorney contacted the debtor to execute a new deed.  She executed another deed on April 8, 2005 and delivered it to the defendant's attorney.  She demanded nothing to execute the new deed because she recognized that the Manteca property had been the defendant's separate property before and during their marriage and because she was obligated by the marital settlement agreement/judgment to return record title to the defendant.

The new deed to the defendant was recorded on April 13, 2005.  On May 12, 2005, the defendant transferred record title to his trust.  He is the trustee and beneficiary of that trust.

On March 10, 2006, less than one year after executing and delivering the new deed, the debtor filed a chapter 7 petition. The plaintiff, Michael McGranahan, is the chapter 7 trustee.

3

At trial, the plaintiff voluntarily dismissed, without objection, the claims for relief based on the assertion that the execution and delivery of the new deed was an actually fraudulent conveyance pursuant to Cal. Civil Code § 3439.04 and 11 U.S.C. § 548(a)(1)(A).

The surviving claims for relief assert that the April 2005 transfer of the Manteca property to the defendant was a constructively fraudulent transfer under Cal. Civil Code § 3439.05 (made applicable here by 11 U.S.C. § 550) and 11 U.S.C. § 548(a)(1)(B), or was a preferential transfer under 11 U.S.C. § 547.  The plaintiff asks that the court declare that the transfer was fraudulent or preferential and avoid the transfer, and enter judgment for one-half of the value of the Manteca property against the defendant or order the defendant to turn over one-half of that property to the bankruptcy estate.  If turned over to the estate, the plaintiff asks that he be permitted to sell 100% of the Manteca property pursuant to 11 U.S.C. § 363(h).

These claims for relief are core proceedings over which this court has subject matter jurisdiction.  See 28 U.S.C. §§ 157(c)(2)(F) & (H) and 1334(b).

In order for the debtor's transfer of the one-half interest in the Manteca property to the defendant to be either fraudulent or preferential, that one-half interest had to have been property of the debtor at the time of the transfer.  See 11 U.S.C. §§ 547(b), 548(a)(1) and Cal. Civil Code § 3439.01(a) & (i).  For the reasons now explained, the court finds and concludes that it was not the property of the debtor at the time of the transfer to the defendant.  Therefore, judgment shall be entered for the

4

defendant.

Had the debtor not delivered her deed to the defendant in April 2005 and instead filed her petition still holding record title to a one-half interest in the Manteca property, the beneficial interest in her one-half interest would have still belonged to the defendant.  11 U.S.C. § 541(d) recognizes that a debtor's bare legal title may be subject to the equitable right of a nondebtor.  Section 541(d) provides in relevant part: "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

When the defendant placed the debtor on the title to the Manteca property, he did so without any intention of conveying beneficial title to her.  There is no dispute on this point. Both the debtor and the defendant agree that the transfer to the debtor was done at the request of a lender.  The debtor acquiesced only to accommodate the defendant.  Both understood and agreed that the defendant remained the beneficial owner of the entire property despite the transfer to the debtor.  The later deed from the debtor to the defendant merely restored record title to the defendant.  The defendant held beneficial title at all relevant times.

Whether the debtor held an equitable or beneficial interest, or held bare legal title for the benefit of the defendant, is an issue governed by California law.  See e.g., <u>Siegel v. Boston (In</u>

re Sale Guaranty Corp.), 220 B.R. 660, 663-64 (B.A.P. 9th Cir. 1998), *affirmed*, 199 F.3d 1375 (9th Cir. 1999).

Under California law, a resulting trust is imposed when circumstances indicate that one person owns the equitable or beneficial interest in property, but title is taken in the name of another. See Majewsky v. Empire Constr. Co., Ltd., 2 Cal. 3d 478, 485 (1970). A resulting trust is a remedy imposed to enforce the actual or implied intentions of the parties. See Stansfield v. Starkey, 220 Cal. App.3d 59, 76 (1990).

California courts will impose a resulting trust in cases where the beneficial owner allows record title to be placed in the name of another so the beneficial owner is able to obtain financing that would be unavailable if title had been placed in the beneficial owner's name. See Johnson v. Johnson, 192 Cal. App. 3d 551, 555, 556 (1987).

In Johnson, for instance, a California court permitted a mother to impose a resulting trust on real property held in the name of her son. The son had permitted his mother to use his veteran's benefits to buy a home with "GI financing." The mother provided all of the money to close escrow and to repay the loan. The court concluded that the mother was the equitable owner of the property.

In this case, the defendant owned the Manteca property prior to his marriage to the debtor. After marriage, he placed one-half of the title in the debtor's name solely to accommodate the defendant's refinance of that property. Both the debtor and the defendant understood and agreed that the defendant was, at all times, the sole beneficial owner of the property despite the

6

change in record title.[1]

Therefore, if the debtor had not transferred record title back to the defendant prior to filing her bankruptcy petition, by virtue of section 541(d), she would hold her one-half interest for the defendant's benefit. His beneficial interest in that one-half interest would not have been property of the bankruptcy estate.

Of course, had the debtor not transferred the one-half interest back to the defendant, the defendant would have encountered a different problem.

The bankruptcy trustee has the status of a hypothetical bona fide purchaser for value under 11 U.S.C. § 544(a)(3). Under section 544(a)(3), a bankruptcy trustee takes free of any interest in real property that could be avoided by a bona fide purchaser, whether or not such a bona fide purchaser actually exists. See Sale Guaranty Corp., 220 B.R. at 665. The rights of a bona fide purchaser are determined under state law. In re Weisman, 5 F.3d 417, 420 (9th Cir. 1993); In re Van Ness Assocs., Ltd., 173 B.R. 661, 670 (Bankr. N.D. Cal. 1994).

Under California law, a purchaser takes subject to a prior interest of which the purchaser has actual or constructive knowledge. Weisman, 5 F.3d at 420. Section 544(a)(3) makes the

---

[1]    The plaintiff did not prove that the defendant repaid the loan placed on the Manteca property from a source that could be characterized as community property. Both the defendant and the debtor testified that the defendant alone repaid the loan and all other expenses of ownership. The source of his repayment, whether from employment or rental income from the defendant's separate property, was not established by the plaintiff. The record does indicate that the defendant received rental income from his separately owned real properties.

7

trustee's actual knowledge irrelevant.  Sale Guaranty Corp., 220
B.R. at 665.  However, the trustee's constructive knowledge of a
prior interest will prevent avoidance of that interest.  Id.;
Weisman, 5 F.3d at 420; In re Probasco, 839 F.2d 1352, 1354 (9th
Cir. 1988).

    Here, had the debtor not reconveyed her one-half record
interest to the defendant before filing her petition, there is no
doubt that the trustee would not have had constructive knowledge
of the defendant's equitable interest in the debtor's one-half
record interest.

    Whether the trustee has such constructive knowledge turns
upon whether a "prudent purchaser" would have discovered the
defendant's beneficial interest.  "A 'prudent purchaser'
describes someone who is shrewd in the management of practical
affairs and whose conduct is marked by wisdom, judiciousness, or
circumspection."  Weisman, 5 F.3d at 420.

    A prudent purchaser is charged with knowledge of: (1) the
nature of the property; (2) the current use of the property; (3)
the identity of the person in possession of the property; and (4)
the relationship between the person in possession and the person
whose interest the purchaser intends to acquire.  Id.  Where
possession is inconsistent with the interest of the party from
whom the purchaser intends to acquire title, the purchaser has a
duty to inquire about the rights of the occupant.  Id. at 421; In
re Exchanged Titles, Inc., 159 B.R. 303, 306-07 (Bankr. C.D. Cal.
1993).

    Here, absent a transfer by the debtor to the defendant prior
to the filing of the petition, the trustee's inspection of the

8

Manteca property would have revealed that one of the co-owners, the defendant, possessed the property.  His possession of it (or possession of it by his tenant) would not have been inconsistent with record title in both the debtor and the defendant.[2]  Under California law, a co-owner is entitled to possess the entire commonly owned property.  See Hunter v. Schultz, 240 Cal. App. 2d 24, 31 (1966).

Hence, the defendant's possession of the Manteca property afforded no constructive notice to the trustee that the defendant claimed the beneficial interest in the debtor's record fractional title.

Fortunately for the defendant, he sidestepped this problem by having the debtor convey her one-half interest to him before she filed her chapter 7 petition.  This meant that by the time the petition was filed, record title matched up with the defendant's beneficial ownership of the property, thereby eliminating any risk to the defendant under section 544(a)(3).

This also meant that the property transferred to the defendant by the debtor was not property of the debtor.  She merely restored record title to the true owner of the property, the defendant.  Because it was the defendant's property, not the debtor's, there was no fraudulent or preferential transfer of the property of the debtor.

---

[2]    The record indicates that the defendant's tenant may have been in possession of the Manteca property.  Possession by a tenant provides constructive notice to a purchaser of the lessor's interest in the property.  J.R. Garrett Co. v. States, 3 Cal. 2d 379, 44 P.2d 538 (1935); Taber v. Beske, 182 Cal. 214, 187 P. 746 (1920); Claremont Terrace Homeowners' Ass'n, v. U.S., 146 Cal. App. 3d 398, 194 Cal. Rptr. 216, 222 (1983).

The defendant shall lodge a proposed form of judgment that awards no relief to the plaintiff.

Dated: 30 Oct 2007

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

10

1

**CERTIFICATE OF MAILING**

2        I, Susan C. Cox, in the performance of my duties as a

3   judicial assistant to the Honorable Michael S. McManus, mailed by

4   ordinary mail to each of the parties named below a true copy of

5   the attached document.

6   Charles Hastings
    4568 Feather River Dr #A
7   Stockton, CA 95219

8   Lisa Holder
    4550 California Ave 2nd Fl
9   Bakersfield, CA 93309

10  Michael McGranahan
    PO Box 5018
11  Modesto, CA 95352

12  Office of the U.S. Trustee
    Robert T Matsui United States Courthouse
13  501 I Street, Room 7-500
    Sacramento, CA 95814

14

15  Dated: October *31*, 2007

16                              *Susan C. Cox*
                                _____
17                              Susan C. Cox
                                Judicial Assistant to Judge McManus

18

19

20

21

22

23

24

25

26

27

28